IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:05CV127 |
| | § | |
| ALLISON OIL COMPANY | § | DEFENDANT AND |
| | § | THIRD-PARTY PLAINTIFF |
| v. | § | |
| | § | |
| PLACID REFINING COMPANY, AKA | § | |
| PLACID REFINING COMPANY, LLC, | § | |
| AND NEWMAN TRANSPORT, AKA | § | |
| NEWMAN TRANSPORT, LLC. | § | THIRD-PARTY DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
ALLISON OIL COMPANY'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion to Dismiss or for Summary judgment of Defendant and Third-Party Plaintiff Allison Oil Company [20, 21] and the Plaintiff's Response. After the Plaintiff filed an amended complaint, Allison Oil Company filed a Supplemental Motion to Dismiss and/or for Summary Judgment [49], renewing its dispositive motions. Plaintiff has not filed a response to the Supplemental Motion. After due consideration of the submissions, it is the Court's opinion that Defendant Allison Oil Company ("Allison") has shown that there is no issue of material fact for the jury as to Plaintiff's claims against it, and therefore Allison is entitled to summary judgment.

DISCUSSION

The Plaintiff in this case is the insurer of Huey Stockstill, Inc., a company which manufactures road asphalt in Picayune, Mississippi. On February 9, 2004, Huey Stockstill purchased No. 2 Diesel Fuel from Allison to use in its asphalt manufacturing process. Slightly more than one month later, on March 12, 2004, an explosion and fire occurred at Huey

Stockstill's plant, which Plaintiff alleges was caused by the fuel supplied by Allison. According to the amended complaint, testing revealed that the fuel had a lower flashpoint than the minimum specified for No. 2 diesel fuel. As against Allison, the Plaintiff brings claims of negligence and breach of implied warranty of fitness for a particular purpose under MISS. CODE § 75-2-315.[1]

*The Motion For Summary Judgment:*

In regard to Plaintiff's claim of negligence, Allison seeks summary judgment on the basis that it is an "innocent seller" as contemplated by MISS. CODE § 11-1-63, entitling it to immunity from liability. Allison also alleges it is entitled to summary judgment on the breach of implied warranty claim because Plaintiff cannot establish the necessary statutory elements.

*Implied Warranty of Fitness For A Particular Purpose*

An implied warranty of fitness for a particular purpose arises "where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." MISS. CODE ANN. § 75-2-315. To recover under a warranty of fitness, a plaintiff must first prove the presence of the warranty regarding the transaction in question, which requires producing evidence sufficient to convince the jury that (1) the seller at the time of the contracting had reason to know the particular purpose for which the goods were required, (2) the reliance by the plaintiff as buyer upon the skill or judgment of the seller to select suitable goods, and (3) the

---

[1] MISS. CODE ANN. § 75-2-315 provides in part: "where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose."

goods were unfit for the particular purpose. *Lacy v. Morrison,* 906 So.2d 126, 131 (Miss.App. 2004) (citing *Garner v. S & S Livestock Dealers, Inc.,* 248 So.2d 783, 785 (Miss. 1971)) (internal quotation marks omitted).  So, in essence, the warranty of fitness for a particular purpose involves selection, and to recover under this implied warranty, there must be some relationship between the reason the goods are unfit and the type or kind of goods selected for the particular purpose.  *Id.*  Therefore, for the Plaintiff to recover on its claim against Allison, it must produce evidence showing that Allison, knowing Huey Stockstill intended to use the diesel fuel in its asphalt manufacturing process, selected or assisted Huey Stockstill in selecting the fuel and that the fuel was unfit for the particular purpose of asphalt manufacturing.  At the summary judgment stage, Plaintiff's burden is to provide evidence creating a question of material fact as to each of these elements.

Allison Oil Company has produced the affidavit of its owner and manager, David Allison. (Attachment 1 to Defendant's Motion).  According to Mr. Allison, Huey Stockstill placed an order for purchase of the diesel fuel.  *Id.*, pg. 1.  Huey Stockstill's purpose in ordering the fuel was not communicated to Allison.  *Id.*  The fuel, in the possession of Placid Refining Company, LLC, was transported from Placid to Huey Stockstill by Newman Transport.  *Id.*  Allison made no "express factual representation as to any aspect of the fuel." *Id.*, pg. 2.

Rather than provide controverting evidence, the Plaintiff asserted in its response to the first motion to dismiss or for summary judgment that it needed

> additional information, from written discovery and deposition testimony, in order
> to provide a response to Defendant's motion to dismiss.  Plaintiff believes that
> Defendant's role in the production and delivery of the fuel at issue in this
> litigation is more involved than what was represented in its motion.  For instance,
> after delivery of the fuel, Defendant had control over the packaging and transport

of the fuel. Defendant's acts may have altered the product, which was the cause of this loss.

Plaintiff's Response, pg. 3.

On the same day it filed this response, Plaintiff requested leave to file an amended complaint. This request was granted approximately two months later. On March 22, 2006, Plaintiff filed its amended complaint, and almost one month after that, Allison filed its Supplemental Motion renewing its request for summary judgment. In all, approximately four months passed between Allison's original motion to dismiss or for summary judgment and the supplemental motion, and as of this date, Plaintiff has not provided any evidence controverting that submitted by Allison. Plaintiff has not even filed a response to Allison's supplemental motion. Plaintiff cannot "rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986). The Court therefore concludes that Defendant Allison has shown that there is no question of material fact for the jury on Plaintiff's claim of breach of implied warranty of fitness for a particular purpose.

*Negligence:*

The parties agree that if Allison Oil is an "innocent seller," it is entitled to immunity under MISS. CODE § 11-1-63.[2] That code section provides that in any action for damages caused by a product except for commercial damage to the product itself:

> (a) The manufacturer or seller of the product shall not be liable if the claimant
> does not prove by the preponderance of the evidence that at the time the product

---

[2] Plaintiff cites MISS. CODE § 11-1-64, but that statute was repealed by Laws 2004, 1st Ex. Sess., Ch. 1, § 7, effective September 1, 2004. The statute applicable to this analysis is § 11-1-63.

left the control of the manufacturer or seller:

(i) 1. The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, or
2. The product was defective because it failed to contain adequate warnings or instructions, or
3. The product was designed in a defective manner, or
4. The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and

(ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and

(iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

MISS. CODE ANN. § 11-1-63.

Plaintiff's negligence claim revolves around its allegation that the diesel fuel supplied by Allison was defective in that the flashpoint was lower than the minimum flashpoint specified for No. 2 diesel fuel. This claim appears to fit into category a(i)(1) above, requiring Plaintiff to prove that the fuel was defective when it left Allison's control. Although it alleges that this was the case, Plaintiff has submitted no evidence on this point.

In contrast, the affidavit of David Allison, discussed above, provides competent summary judgment evidence that Allison Oil was merely a conduit of the fuel, and that Allison had no control over the design, testing, manufacture, packaging or labeling of the fuel. (Attachment 1 to Defendant's Motion). Further, the affidavit states that Allison Oil had no knowledge of the condition of the fuel, nor did it have possession or control of the fuel at any time. *Id.*

Allison Oil has provided evidence showing that it is an innocent seller entitled to immunity from liability under MISS. CODE § 11-1-63. Plaintiff has not offered any controverting

evidence, and thus has failed to meet its evidentiary obligation to create a fact dispute of a design defect in the fuel.  *Wolf v. Stanley Works,* 757 So.2d 316 (Miss.App.2000).  Summary judgment in favor of Allison Oil in regard to Plaintiff's claim of negligence is therefore appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment of Defendant and Third-Party Plaintiff Allison Oil Company [21] and the Supplemental Motion to Dismiss and/or for Summary Judgment of Allison Oil Company [49] are **GRANTED.**  Plaintiff's claims against Allison Oil Company are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion to Dismiss of Defendant and Third-Party Plaintiff Allison Oil Company [20] is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 18th day of May, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE